IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KHI LIQUIDATION TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 10 C 3568 |
| | ) | |
| HART RESOURCES, | ) | Judge Der-Yeghiayan |
| | ) | |
| Defendant. | ) | JURY DEMAND |

**DEFENDANT HART RESOURCES'**
**ANSWER TO AMENDED COMPLAINT AND**
**AFFIRMATIVE DEFENSES**

Defendant Hart Resources ("Hart"), by and through its attorneys, hereby answers the allegations of Plaintiff's Amended Complaint (the "Complaint") and asserts the stated affirmative defenses as follows:

**INTRODUCTION**

1. This is an adversary proceeding filed to avoid and recover certain transfers made by Debtor, Kimball Hill Homes Texas, Inc. ("KHH Texas"), prior to the commencement of the Debtors' bankruptcy cases. Specifically, the Plaintiff seeks the entry of a judgment against the Defendant: (a) avoiding certain transfers pursuant to 11 U.S.C. § 547(b), or, in the alternative, pursuant to 11 U.S.C. §§ 544(b) and 548, in conjunction with 740 ILCS 160/5(a) and 160/6; and (b) directing the Defendant to pay an amount to be determined at trial that is not less than the amount of avoidable transfers, plus interest and costs, pursuant to 11 U.S.C. § 550(a). Furthermore, the Plaintiff seeks to disallow any and all claims of the Defendant against the Debtors' estates pursuant to 11 U.S.C. §§ 502(d) so long as the Defendant fails to pay or surrender to the Plaintiff the value of the avoidable transfers.

**ANSWER:** Paragraph 1 of the Complaint is a summary conclusion and does not require a response.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b), and the Confirmation Order (defined below).

**ANSWER:** Defendant denies the allegations in paragraph 2 of the Complaint as the amended complaint was filed with the bankruptcy court. The United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1334(b).

3.  This adversary proceeding constitutes a core proceeding within the meaning of one or more subsections of 28 U.S.C. § 157(b).

**ANSWER:** Defendant admits the allegations in paragraph 3 of the Complaint.

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**ANSWER:** Defendant admits the allegations in paragraph 4 of the Complaint.

## PARTIES

5.  On April 23, 2008 (the "Petition Date"), each of the Debtors commenced their bankruptcy cases (the "Bankruptcy Cases") by filing a voluntary petition for relief in the United States Bankruptcy Court for the Northern District of Illinois under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**ANSWER:** Defendant admits the allegations in paragraph 5 of the Complaint.

6.  On March 12, 2009, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the *Joint Plan of Kimball Hill, Inc. and its Debtor Subsidiaries Pursuant to Chapter 11 of the United States Bankruptcy Code* (the "Plan") vesting certain assets of the Debtors in the Plaintiff. Pursuant to the Confirmation Order and the Plan, the Plaintiff has the exclusive right, authority and discretion to file and prosecute this cause of action.

**ANSWER:** Defendant admits the allegations in paragraph 6 of the Complaint.

7.  The name of the Defendant is Hart Resources.

**ANSWER:** Defendant admits the allegations in paragraph 7 of the Complaint.

**GENERAL BACKGROUND**

8. During the 90-day period preceding the Petition Date, the Defendant received certain payments from KHH Texas in an aggregate amount not less than $227,575.68 (the "Transfers"). The specific payments that comprise the Transfers, identified by payment amount, check number, check issuance date and check honor date, are as follows:

| Payment Amount | Check Number | Check Issuance Date | Check Honor Date |
|---|---|---|---|
| $5,721.00 | 504175 | 1/9/2008 | 2/1/2008 |
| $9,150.00 | 504607 | 1/16/2008 | 2/12/2008 |
| $15,386.60 | 505007 | 1/23/2008 | 1/29/2008 |
| $15,323.80 | 505657 | 1/31/2008 | 2/5/2008 |
| $6,790.20 | 505924 | 2/6/2008 | 3/4/2008 |
| $8,983.60 | 506345 | 2/13/2008 | 2/26/2008 |
| $16,527.80 | 506766 | 2/20/2008 | 2/25/2008 |
| $3,387.00 | 507219 | 2/27/2008 | 3/4/2008 |
| $8,590.20 | 507635 | 3/5/2008 | 3/11/2008 |
| $29,845.80 | 508097 | 3/12/2008 | 3/18/2008 |
| $14,997.20 | 508573 | 3/19/2008 | 3/25/2008 |
| $11,752.10 | 508987 | 3/27/2008 | 4/1/2008 |
| $61,463.58 | 509547 | 4/3/2008 | 4/7/2008 |
| $6,459.20 | 510029 | 4/10/2008 | 4/14/2008 |
| $13,197.60 | 510555 | 4/18/2008 | 4/23/2008 |
| **$227,575.68** | | | |

**ANSWER:** Defendant denies the allegations in paragraph 8 of the Complaint because the allegation presumes that the transfers alleged were made from KHH Texas' property when any funds paid to Defendant were, in fact, statutory trust funds and not part of the KHH Texas estate.

9. Each of the Transfers paid for goods and/or services that were provided to one or more of the Debtors before such payments were made.

**ANSWER:** Defendant denies the allegations in paragraph 9 of the Complaint. Further, the Defendant denies the allegations in paragraph 9 of the Complaint for the reasons stated in the answer to paragraph 8 of the Complaint.

10. To date, the Defendant has not paid or surrendered to the Plaintiff the value of the Transfers.

**ANSWER:** Defendant admits the allegations in paragraph 10 of the Complaint.

## COUNT I
### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)

11. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 10 above, as if fully restated herein.

**ANSWER:** Defendant's prior responses are incorporated as its responses to paragraph 11 of the Complaint.

12. The Transfers were made to or for the benefit of the Defendant, a creditor of one of more of the Debtors at the time each of the Transfers was made.

**ANSWER:** Defendant denies the allegations in paragraph 12 of the Complaint. Further, the Defendant denies the allegations in paragraph 12 of the Complaint for the reasons stated in the answer to paragraph 8 of the Complaint.

13. The Transfers were made on account of an antecedent debt owed by one or more of the Debtors before such transfers were made.

**ANSWER:** Defendant denies the allegations in paragraph 13 of the Complaint. Further, the Defendant denies the allegations in paragraph 13 of the Complaint for the reasons stated in the answer to paragraph 8 of the Complaint.

14. The Defendant had no collateral, security interest or lien to secure payment for the products delivered or services rendered to the Debtors or on behalf of the Debtors.

**ANSWER:** Defendant denies the allegations in paragraph 14 of the Complaint.

15. The Defendant was the initial transferee of the Transfers.

**ANSWER:** Defendant denies the allegations in paragraph 15 of the Complaint for the reasons stated in the answer to paragraph 8 of the Complaint.

16. KHH Texas is presumed to have been insolvent at the time of the Transfers pursuant to 11 U.S.C. § 547(f).

**ANSWER:** The allegations in paragraph 16 of the Complaint are legal conclusions that do not require a response.

17. At the time that each of the Transfers was made, the sum of KHH Texas' debts exceeded the sum of its property at a fair valuation.

**ANSWER:** The Defendant is without sufficient information to admit or deny the allegations in paragraph 17 of the Complaint, and, therefore, denies the same.

18. Upon information and belief, the Transfers enabled the Defendant to receive more on account of antecedent debts owed by one or more of the Debtors than the Defendant would have received if, as of the date of each such transfer, the Debtors had commenced cases under chapter 7 of the Bankruptcy Code, each particular Transfer had not been made, and the Defendant received payment on account of the corresponding antecedent debt to the extent provided by the provisions of the Bankruptcy Code.

**ANSWER:** Defendant denies the allegations in paragraph 18 of the Complaint.

19. By reason of the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547.

**ANSWER:** Defendant denies the allegations in paragraph 19 of the Complaint.

WHEREFORE, the Plaintiff requests that this Court enter judgment in its favor and against the Defendant on Count I as follows: (i) declaring that the Transfers are avoidable transfers pursuant to 11 U.S.C. § 547(b); and (ii) granting such other and further relief as the Court deems just and equitable.

**ANSWER:** Plaintiff is not entitled to the relief requested and the Defendant requests that, after trial by jury, this Court enter its order denying the relief requested.

## COUNT II
**(Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 548)**

20. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 19 above, as if fully restated herein.

**ANSWER:** The Defendant's prior responses are incorporated as its responses to paragraph 20 of the Complaint.

21. Alternatively, to the extent that one or more of the Transfers were not on account of an antecedent debt, upon information and belief, KHH Texas received less than a reasonably equivalent value in exchange for such transfers.

**ANSWER:** Defendant denies the allegations in paragraph 21 of the Complaint.

22. The Transfers either: (a) were made while KHH Texas was insolvent or caused KHH Texas to become insolvent as a result of such transfers; (b) left KHH Texas with unreasonably small capital; and/or (c) were made while KHH Texas intended to incur, or believed that it had incurred, debts that it would not be able to pay as they became due.

**ANSWER:** The Defendant is without sufficient information to admit or deny the allegations in paragraph 22 of the Complaint, and, therefore, denies the same.

23. By reason of the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. §§ 544(b) and 548 and 740 ILCS 160/5 and 160/6.

**ANSWER:** Defendant denies the allegations in paragraph 23 of the Complaint.

WHEREFORE, the Plaintiff requests, in the alternative, that this Court enter judgment in its favor and against the Defendant on Count II as follows: (i) declaring that the Transfers are avoidable transfers pursuant to 11 U.S.C. § 544(b) and 548 and 740 ILCS 160/5 and 160/6; and (ii) granting such other and further relief as the Court deems just and equitable.

**ANSWER:** Plaintiff is not entitled to the relief requested and the Defendant requests that, after trial by jury, this Court enter its order denying the relief requested.

## COUNT III
**(Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)**

24. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 23 above, as if fully restated herein.

**ANSWER:** The Defendant's prior responses are incorporated as its responses to paragraph 24 of the Complaint.

25. The Defendant was the initial transferee of the Transfers.

**ANSWER:** Defendant denies the allegations in paragraph 25 of the Complaint for the reasons stated in the answer to paragraph 8 of the Complaint.

26. The value of the Transfers, to the extent they are avoided pursuant to 11 U.S.C. §§ 544, 547 and/or 548, may be recovered by the Plaintiff pursuant to 11 U.S.C. § 550.

**ANSWER:** The allegations in paragraph 26 of the Complaint are legal conclusions that do not require a response.

WHEREFORE, the Plaintiff requests that this Court enter judgment in its favor and against the Defendant on Count III as follows: (i) declaring that the Plaintiff may recover the Transfers from the Defendant pursuant to 11 U.S.C. § 550; (ii) ordering the Defendant to pay to the Plaintiff the value of the aggregate amount of the avoidable transfers in an amount not less than $227,575.68, plus all interest, costs and fees to the extent permitted by applicable law; and (iii) granting such other and further relief as the Court deems just and equitable.

**ANSWER:** Plaintiff is not entitled to the relief requested and the Defendant requests that, after trial by jury, this Court enter its order denying the relief requested.

## COUNT IV
### (For Disallowance of Claims Pursuant to 11 U.S.C. §§ 502(d))

27. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 26 hereof, as if fully restated herein.

**ANSWER:** The Defendant's prior responses are incorporated as its responses to paragraph 27 of the Complaint.

28. As a result of one or more of the Transfers, the Defendant is the transferee of transfers that may be avoidable under 11 U.S.C. §§ 544, 547 or 548, and the Plaintiff may recover property from the Defendant under 11 U.S.C. § 550.

**ANSWER:** The allegations in paragraph 28 of the Complaint are legal conclusions that do not require a response.

29. To the extent that the Defendant fails to repay the avoidable Transfers, any claim of the Defendant shall be disallowed pursuant to 11 U.S.C. § 502(d).

**ANSWER:** The Defendant has asserted no claim against any of the debtors in the Kimball Hill, Inc. cases. Therefore, to the extent that any response is required, the Defendant denies the allegations in paragraph 29 of the Complaint.

30. The Defendant has not paid or surrendered to the Plaintiff the value of the Transfers, and, therefore, any claim that the Defendant has against the Debtors' estates must be disallowed.

**ANSWER:** The Defendant has asserted no claim against any of the debtors in the Kimball Hill, Inc. cases. Therefore, to the extent that any response is required, the Defendant denies the allegations in paragraph 30 of the Complaint.

WHEREFORE, the Plaintiff requests that this Court enter judgment in its favor and against the Defendant on Count IV as follows: (i) disallowing any and all claims of the Defendant against the Debtors' estates pursuant to 11 U.S.C. § 502(d); and (ii) granting such other and further relief as the Court deems just and equitable.

**ANSWER:** Plaintiff is not entitled to the relief requested and the Defendant requests that, after trial by jury, this Court enter its order denying the relief requested.

## **AFFIRMATIVE DEFENSES**

1. Any transfer that may have been made by KHH Texas to the Defendant during the 90-day period preceding the filing of a chapter 11 case by KHH Texas was intended by KHH Texas and the Defendant to be a contemporaneous exchange for new value to KHH Texas, and there was, in fact, a contemporaneous exchange of new value given.

2. Any transfer that may have been made by KHH Texas to the Defendant during the 90-day period preceding the filing of the chapter 11 case filed by KHH Texas was in payment of a debt incurred by KHH Texas in the ordinary course of business or financial affairs of KHH Texas and the Defendant, and any such transfer was made in the ordinary course of business or financial affairs of KHH Texas and the Defendant, or was made according to ordinary business terms.

3. Any transfer that may have been made by KHH Texas to the Defendant during the 90-day period preceding the filing of the chapter 11 case by KHH Texas was to or for the benefit of the Defendant, to the extent that, after such a transfer, the Defendant gave new value to or for the benefit of KHH Texas that was not secured by an otherwise unavoidable security interest, and on account of which new value such debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

WHEREFORE, the Defendant respectfully request that after trial by jury this Court enter judgment denying the relief requested in the Complaint, and for such other and further relief as this Court deems just and necessary.

## **Jury Demand**

Defendant Hart Resources demands a jury trial.

                              HART RESOURCES

                              By:/s/Kevin R. Malloy_____
                                One of its attorneys

Kevin R. Malloy
Kevin M. Forde, Ltd.
111 West Washington Street
Suite 1100
Chicago, IL 60602
(312) 641-1441

H. Rey Stroube III
Attorney at Law
18510 Kingsland Boulevard
Houston, TX 77094