# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3568 | **DATE** | 7/28/2010 |
| **CASE TITLE** | KHI Liquidation Trust vs. Hart Resources | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant Hart Resource's motion to withdraw reference to the bankruptcy court [1] is denied and we dismiss the instant action. Hart Resource's motion to withdraw its motion to dismiss and for an order directing Plaintiff to file its amended complaint [4] is denied as moot. The Clerk of Court is directed to return the instant action to the Bankruptcy Court. All pending dates and motions before this Court are stricken as moot. Case Terminated.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

This matter is before the court on Defendant Hart Resource's (Hart's) motion to withdraw reference to the bankruptcy court. On April 12, 2010, Plaintiff KHI Liquidation Trust filed a complaint against Hart "to Avoid and Recover Avoidable Transfers and Disallow Claims," which was designated as adversarial action number 10-00556 (Adversarial Action) in bankruptcy case number 08-10095 (Bankruptcy Case). (Compl. 1). On June 9, 2010, Hart filed the instant motion, requesting that the Adversarial Action be withdrawn from the bankruptcy court, and instead be litigated in this court.

Pursuant to 28 U.S.C. § 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under [28 U.S.C. § 157], on its own motion or on timely motion of a party, for cause shown." *Id.* In assessing whether there is cause to withdraw the reference, "the court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, conservation of debtors' and creditors' resources, expediting the bankruptcy process, and whether the bankruptcy court can hold a jury trial." *In re Powelson*, 878 F.2d 976, 983 (7th Cir. 1989)(citations omitted). Hart contends that there is cause to withdraw the reference because (1) the Adversarial Action is based upon "causes of action . . . that are legal actions to recover a monetary sum and not equitable claims," (2) Hart has

| STATEMENT |
|---|

not filed a proof of claim in the Bankruptcy Case, and (3) Hart is therefore entitled to a jury trial based upon the Seventh Amendment to the United States Constitution. (Mot. Par. 3-4). According to Hart, a jury trial "must be conducted by the United States District Court." (Mot. Par. 3).

In support of its motion, Hart cites to Supreme Court and Seventh Circuit precedent holding that bankruptcy courts are not authorized to conduct jury trials. *See, e.g.*, *In re Grabill Corp.,* 967 F.2d 1152, 1158 (7th Cir. 1992). However, all of the cases cited by Hart were decided before the Bankruptcy Code was amended in 1994 to include 28 U.S.C. § 157(e), which provides that "[i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e). Hart has not presented any other arguments in support of its motion. Thus, based on all the factors the court must consider when deciding whether to withdraw the reference, Hart has not established cause to withdraw the reference at this juncture. Therefore, at this juncture, we deny Hart's motion to withdraw, and dismiss the instant action. Hart's motion to withdraw its motion to dismiss and for an order directing Plaintiff to file its amended complaint (Dkt. 4) is denied as moot.